# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF

In re:                                §
                                      §
MURPHY, ERIC C                        §     Case No. 11-33444
                                      §
            Debtor(s)                 §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on
   . The undersigned trustee was appointed on                    .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]          $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/BRADLEY J. WALLER_____
                                                     Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

| | | |
|---|---|---|
| Case No: 11-33444 BB Judge: BRUCE W. BLACK | Trustee Name: | BRADLEY J. WALLER |
| Case Name: MURPHY, ERIC C | Date Filed (f) or Converted (c): | 08/16/11 (f) |
| | 341(a) Meeting Date: | 09/08/11 |
| For Period Ending: 07/20/12 | Claims Bar Date: | 12/23/11 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Location: 333 N. Harlem, Peotone IL 60468 | 2,000.00 | 0.00 | DA | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 2. Checking Account First Community Bank and Trust | 1,000.00 | 0.00 | DA | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 3. Checking Account First Midwest Bank-Peotone Busi | 1,000.00 | 0.00 | DA | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 4. Location: 333 N. Harlem, Peotone IL 60468 | 100.00 | 0.00 | DA | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 5. Normal clothing for adult male laborer | 500.00 | 0.00 | DA | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 6. 1982 Chevrolet K20 Pick up truck 651,000 miles c | 900.00 | 0.00 | DA | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 7. 1974 Hillsboro Flatbed trailer with no wiring or | 500.00 | 500.00 | DA | 500.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 8. 2001 Ford Excursion 206, 000 miles | 3,000.00 | 3,000.00 | DA | 3,000.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 9. 1987 Ford F350 pick up truck 80,000 miles experi | 2,100.00 | 2,100.00 | DA | 2,100.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 10. 2005 Royal Trailer | 500.00 | 500.00 | DA | 500.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 11. 1999 International Harvester 4800 bad engine and | 8,000.00 | 0.00 | DA | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 12. John Deere 350-C Dozer-bad motor not useable sal | 700.00 | 0.00 | DA | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 13. John Deere 650 Dozer | 10,000.00 | 8,000.00 | DA | 8,000.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |

LFORM1   UST Form 101-7-TFR (5/1/2011) *(Page: 3)*                                                    Ver: 16.06d

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 2

Exhibit A

| Case No: | 11-33444 | BB | Judge: BRUCE W. BLACK | Trustee Name: | BRADLEY J. WALLER |
|---|---|---|---|---|---|
| Case Name: | MURPHY, ERIC C | | | Date Filed (f) or Converted (c): | 08/16/11 (f) |
| | | | | 341(a) Meeting Date: | 09/08/11 |
| | | | | Claims Bar Date: | 12/23/11 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 14. John Deere 310 SE Backhoe | 8,000.00 | 3,000.00 | OA | 3,000.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 15. John Deere 892 Elc Excavator-not running salvage | 5,000.00 | 2,900.00 | DA | 2,900.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 16. 1998 Winston 12 Ton Trailer | 2,000.00 | 0.00 | DA | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 17. Misc hand tools | 1,500.00 | 0.00 | DA | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.27 | Unknown |

| | | | | | Gross Value of Remaining Assets |
|---|---|---|---|---|---|
| TOTALS (Excluding Unknown Values) | $46,800.00 | $20,000.00 | | $20,000.27 | $0.00 |
| | | | | | (Total Dollar Amount in Column 6) |

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Awaiting tax returns

Initial Projected Date of Final Report (TFR): 09/30/12      Current Projected Date of Final Report (TFR): 09/30/12

FORM 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 1
Exhibit B

| Case No: | 11-33444 -BB | Trustee Name: | BRADLEY J. WALLER |
| Case Name: | MURPHY, ERIC C | Bank Name: | The Bank of New York Mellon |
| | | Account Number / CD #: | *******2065 Money Market Account |
| Taxpayer ID No: | *******7902 | | |
| For Period Ending: | 07/20/12 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 12/05/11 | | First Community Bank & Trust Beecher, IL | per court order of November 18, 2011 DEPOSIT CHECK #11871 | | 20,000.00 | | 20,000.00 |
| | 7 | | Memo Amount: 500.00 | 1129-000 | | | |
| | 8 | | Memo Amount: 3,000.00 | 1129-000 | | | |
| | 9 | | Memo Amount: 2,100.00 | 1129-000 | | | |
| | 10 | | Memo Amount: 500.00 | 1129-000 | | | |
| | 13 | | Memo Amount: 8,000.00 | 1129-000 | | | |
| | 14 | | Memo Amount: 3,000.00 | 1129-000 | | | |
| | 15 | | Memo Amount: 2,900.00 | 1129-000 | | | |
| 12/30/11 | INT | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.14 | | 20,000.14 |
| 12/30/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 32.87 | 19,967.27 |
| 01/26/12 | INT | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.13 | | 19,967.40 |
| 01/26/12 | | Transfer to Acct #*******3242 | Bank Funds Transfer | 9999-000 | | 19,967.40 | 0.00 |

| | | | | | |
|---|---|---|---|---|---|
| Memo Allocation Receipts: | 20,000.00 | COLUMN TOTALS | 20,000.27 | 20,000.27 | 0.00 |
| Memo Allocation Disbursements: | 0.00 | Less: Bank Transfers/CD's | 0.00 | 19,967.40 | |
| | | Subtotal | 20,000.27 | 32.87 | |
| Memo Allocation Net: | 20,000.00 | Less: Payments to Debtors | | 0.00 | |
| | | Net | 20,000.27 | 32.87 | |

Page Subtotals  20,000.27  20,000.27

FORM 2
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No: | 11-33444 -BB | | Trustee Name: | BRADLEY J. WALLER |
| --- | --- | --- | --- | --- |
| Case Name: | MURPHY, ERIC C | | Bank Name: | Congressional Bank |
| | | | Account Number / CD #: | *******3242 Checking Account |
| Taxpayer ID No: | *******7902 | | | |
| For Period Ending: | 07/20/12 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 01/26/12 | | Transfer from Acct #*******2065 | Bank Funds Transfer | 9999-000 | 19,967.40 | | 19,967.40 |

| | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | Memo Allocation Receipts: | 0.00 | COLUMN TOTALS | | 19,967.40 | 0.00 | 19,967.40 |
| | Memo Allocation Disbursements: | 0.00 | Less: Bank Transfers/CD's | | 19,967.40 | 0.00 | |
| | | | Subtotal | | 0.00 | 0.00 | |
| | Memo Allocation Net: | 0.00 | Less: Payments to Debtors | | | 0.00 | |
| | | | Net | | 0.00 | 0.00 | |
| | | | | | | NET | ACCOUNT |
| | Total Allocation Receipts: | 20,000.00 | TOTAL - ALL ACCOUNTS | | NET DEPOSITS | DISBURSEMENTS | BALANCE |
| | Total Allocation Disbursements: | 0.00 | Money Market Account - *******2065 | | 20,000.27 | 32.87 | 0.00 |
| | | | Checking Account - *******3242 | | 0.00 | 0.00 | 19,967.40 |
| | Total Memo Allocation Net: | 20,000.00 | | | ----------------------- | ----------------------- | ----------------------- |
| | | | | | 20,000.27 | 32.87 | 19,967.40 |
| | | | | | ============= | ============= | ============= |
| | | | | | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals 19,967.40 0.00

| Page 1 | | * ANALYSIS OF CLAIMS REGISTER | | | Date: July 20, 2012 |
|---|---|---|---|---|---|

Case Number:  11-33444  
Debtor Name:  MURPHY, ERIC C

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001 3410-00 | Lee Schwendner DiGiovine Hnilo Jordan & Johnson Ltd. 2570 Foxfield Road Suite 301 St. Charles, IL 60174 | Administrative | | $881.25 | $0.00 | $881.25 |
| 000001 070 7100-00 | Midland Credit Manangement, Inc. 8875 Aero Drive, Suite 200 San Diego CA 92123 | Unsecured | | $14,906.81 | $0.00 | $14,906.81 |
| 000002 070 7100-00 | Capital One Bank (USA), N.A. by American InfoSource LP as agent PO Box 71083 Charlotte, NC 28272-1083 | Unsecured | | $857.71 | $0.00 | $857.71 |
| 000003 070 7100-00 | Capital One Bank (USA), N.A. by American InfoSource LP as agent PO Box 71083 Charlotte, NC 28272-1083 | Unsecured | | $33,662.64 | $0.00 | $33,662.64 |
| 000004 070 7100-00 | Am Ex Cent Bank - to be turned over to US Bankruptcy Clerk | Unsecured | | $16.01 | $0.00 | $16.01 |
| 000005 070 7100-00 | Bayview Loan Servicing, LLC as servicer for First Midwest Bank 4425 Ponce De Leon Blvd, 5th Floor Coral Gable, FL 33146 | Unsecured | | $200,793.39 | $0.00 | $200,793.39 |
| | Case Totals: | | | $251,117.81 | $0.00 | $251,117.81 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-33444
Case Name: MURPHY, ERIC C
Trustee Name: BRADLEY J. WALLER

Balance on hand $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: BRADLEY J. WALLER | $ | $ | $ |
| Trustee Expenses: BRADLEY J. WALLER | $ | $ | $ |
| Accountant for Trustee Fees: Lee Schwendner | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses    $_____

Remaining Balance    $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $       must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

UST Form 101-7-TFR (5/1/2011) *(Page: 8)*

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Midland Credit Manangement, Inc. | $ | $ | $ |
| 000002 | Capital One Bank (USA), N.A. | $ | $ | $ |
| 000003 | Capital One Bank (USA), N.A. | $ | $ | $ |
| 000004 | Am Ex Cent Bank - to be turned over | $ | $ | $ |
| 000005 | Bayview Loan Servicing, LLC | $ | $ | $ |

Total to be paid to timely general unsecured creditors        $_____

Remaining Balance        $_____

Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

NONE

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE